MACDONALD RUDY
O'NEILL & YAMAUCHI, LLP

MICHAEL D. RUDY          5105-0
mrudy@macdonaldrudy.com
RALPH J. O'NEILL          4705-0
ralphoneill@macdonaldrudy.com
1001 Bishop Street, Suite 2800
Honolulu, Hawaii  96813
Telephone No.: (808) 523-3080
Facsimile No.:  (808) 523-0759

Attorneys for Plaintiffs
CHARLES D. STARK and
TODD J. STARK, Co-Trustees of the
Harold W. Conroy Trust "C"

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C", <br><br>              Plaintiffs,<br><br>     vs.<br><br>GERALD KWOCKHEN WONG, individually; CLYDE TAKASHI KANESHIRO, individually; ROBIN JOY ISHIBASHI, individually; C & A INVESTMENT LLC, a Hawaii limited liability company; and REAL ESTATE DELIVERY 2, INC., a Hawaii corporation,<br><br>              Defendants. | Case No.<br><br>PLAINTIFFS CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C"'S, COMPLAINT; EXHIBITS "A"-"J"; SUMMONS |

## PLAINTIFFS CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C"'S, COMPLAINT

Plaintiffs CHARLES D. STARK and TODD J. STARK, Co-Trustees of the Harold W. Conroy Trust "C" ("Plaintiffs"), by and through their attorneys, MacDonald Rudy O'Neill & Yamauchi, LLP, for their Complaint against Defendants GERALD KWOCKHEN WONG, individually, CLYDE TAKASHI KANESHIRO, individually, ROBIN JOY ISHIBASHI, individually, C & A INVESTMENT LLC, a Hawaii limited liability company, and REAL ESTATE DELIVERY 2, INC., a domestic profit corporation organized under the laws of the State of Hawaii (collectively "Defendants"), allege and aver as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1332, in that this action is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars ($75,000.00).

2. Venue is proper in this judicial district because the contract that is the subject of this action was to be performed in the County of Maui, State of Hawaii, and the real property that is the subject of this action is situated in this judicial district. The Defendants are subject to personal jurisdiction in the District of Hawaii.

## PARTIES

3. Co-Plaintiff CHARLES D. STARK, as successor co-Trustee of the Harold W. Conroy Trust "C" dated February 25, 1974, as amended (the "Trust"), is an individual and a citizen of the state of California.

4. Co-Plaintiff TODD J. STARK, as successor co-Trustee of the Trust, is an individual and a citizen of the state of Arizona.

5. Defendant GERALD KWOCKHEN WONG ("Wong") is an individual and a citizen of the state of Hawaii.

6. Defendant CLYDE TAKASHI KANESHIRO ("Kaneshiro") is an individual and a citizen of the state of Hawaii.

7. Defendant ROBIN JOY ISHIBASHI ("Ishibashi") is an individual and a citizen of the state of Hawaii (Wong, Kaneshiro, and Ishibashi are hereinafter collectively referred to as the "Kaneshiro Group").

8. Defendant C & A INVESTMENT LLC ("C&A") is a Hawaii limited liability company duly organized under the laws of the state of Hawaii and has its principal place of business in the state of Hawaii. It has two members, Amy P. M. Lau and Craig Okamoto, who are individuals and citizens of the state of Hawaii.

9. Defendant REAL ESTATE DELIVERY 2, INC. is a domestic profit corporation organized under the laws of the state of Hawaii and has its principal place of business in the state of Hawaii.

## **GENERAL ALLEGATIONS**

10. The Trust is the owner of a fee-simple property consisting of 40,330 square feet, having an address of 1000 Limahana Place, Lahaina, Hawaii 96761 (the "Property"). *See,* **Exhibit "A,"** a true and correct copy of the Harold W. Conroy Trust "C", dated February 25, 1974.

11. The Property had a commercial building consisting of approximately 20,000 interior square feet, which was partitioned into various commercial tenant buildings, which was sub-leased to various sub-tenants (the "Building"). The Building was destroyed by the Maui fires on August 8, 2023.

12. On March 22, 1974, the original board of trustees of the Trust, consisting of Harold W. Conroy and Winifred Ann Stark (both now deceased), entered into a long-term ground lease as Lessors with Trans-Pacific Corporation, formally a Hawaii corporation, now dissolved, for a period of 55 years, from March 1, 1974, to February 28, 2029 (the "Original Ground Lease"). *See,* **Exhibit "B,"** a true and correct copy of the unrecorded Original Ground Lease, dated March 22, 1974.

13. The Original Ground Lease, through various mesne assignments, was assigned to the Kaneshiro Group through an assignment of lease instrument recorded in the Bureau of Conveyances, State of Hawaii, in Liber 24069, Page 489, with Assignment of Lease dated November 1, 1989. *See,* **Exhibit "C,"** a true and correct

certified copy of the Assignment of Lease dated November 1, 1989, recorded in the Bureau of Conveyances on December 29, 1989, in Liber 24069, Pages 489-496.

14.  Subsequent to the November 1, 1989, assignment to the Kaneshiro Group, the Kaneshiro Group received from Harold W. Conroy and Winifred Ann Stark a 10-year extension of the Original Ground Lease in order to make the leasehold property more economically attractive for sale to a potential buyer.

15.  The 10-year extension of the Original Ground Lease term resulted in the expiration of the lease on February 28, 2039 (the "Original Ground Lease, as amended"). The extension was memorialized in an Amendment to the Lease recorded in the State of Hawaii, Bureau of Conveyances on January 31, 2005, as Document No. 2005-17753. The Amendment of Lease was dated November 30, 2004, and was executed by each of the Kaneshiro Group defendants, as Lessees, and Harold W. Conroy and Winifred Ann Stark, as Lessors. *See,* **Exhibit "D,"** a true and correct certified copy of the Amendment of Lease dated November 1, 1989, recorded in the Bureau of Conveyances on January 31, 2005, as Document No. 2005-017753.

16.  Less than 30 days after the Kaneshiro Group defendants received the 10-year extension to the Original Ground Lease period, the Kaneshiro Group sold their interest in the Property to Calhoun, LLC, a Hawaii limited liability company, whose sole member, Joseph Calhoun, was an individual and citizen of the state of Hawaii.

17. The sale of the Property from the Kaneshiro Group to Calhoun, LLC ("Calhoun") was memorialized by an Assignment of Lease dated December 28, 2004, between the Kaneshiro Group defendants and Calhoun, which assignment was recorded in the State of Hawaii, Bureau of Conveyances as Document No. 2005-017754. *See,* **Exhibit "E,"** a true and correct certified copy of the Assignment of Lease dated December 28, 2004, recorded in the Bureau of Conveyances on January 31, 2005, as Document No. 2005-017754.

18. Calhoun was subsequently administratively terminated by the State of Hawaii, Department of Commerce and Consumer Affairs, on August 26, 2011.

19. In consideration of the Kaneshiro Group receiving a 10-year lease extension, which allowed them to sell the Property for good and valuable consideration to Calhoun, the Trust, acting through its Trustees, did not release the Kaneshiro Group from joint and several liability for all obligations under the Original Ground Lease, as amended.

20. The co-Trustees, Harold W. Conroy and Winifred Ann Stark, executed a Consent to Assignment of Lease between the Kaneshiro Group and Calhoun on January 12 and January 17, 2005, respectively, recorded in the State of Hawaii, Bureau of Conveyances on January 31, 2005, as Document No. 2005-017755. *See,* **Exhibit "F,"** a true and correct certified copy of the Consent to Assignment of

6

Lease, recorded in the Bureau of Conveyances on January 31, 2005, as Document No. 2005-017755.

21.  A Reservation of All Lessor's Rights and Interests Under Lease, dated January 17, 2005, was recorded in the Bureau of Conveyances on January 31, 2005, as Document No. 2005-017756. *See,* **Exhibit "G,"** a true and correct certified copy of the Reservation of All Lessor's Rights and Interests Under Lease dated January 17, 2005, recorded in the Bureau of Conveyances on January 31, 2005, as Document No. 2005-017756.

22.  Upon receiving title to the leasehold Property, Calhoun mortgaged the Property in favor of First Hawaiian Bank, Honolulu, Hawaii (the "FHB Mortgage"). Subsequently, Calhoun defaulted on the FHB Mortgage. Thereafter, FHB, through its affiliated entity Defendant Real Estate Delivery 2, Inc. took title to the Property through a real estate Commissioner's Quitclaim Assignment of Lease dated August 12, 2010, which was recorded in the State of Hawaii, Bureau of Conveyances on September 14, 2010, as Document No. 2010-135241. *See,* **Exhibit "H,"** a true and correct certified copy of the Commissioner's Quitclaim Assignment of Lease dated August 12, 2010, which was recorded in the State of Hawaii, Bureau of Conveyances on September 14, 2010, as Document No. 2010-135241.

23.  On September 27, 2011, Defendant Real Estate Delivery 2, Inc. sold and assigned the leasehold interest in the Property to Defendant C&A Investment

LLC, a Hawaii limited liability company, by an Assignment of Ground Lease and Lessor's Interest in Tenant Leases, recorded in the State of Hawaii, Bureau of Conveyances on November 1, 2011, as Document No. 2011-179514. *See,* **Exhibit "I,"** a true and correct certified copy of the Assignment of Ground Lease and Lessor's Interest in Tenant Leases, recorded in the Bureau of Conveyances on November 1, 2011, as Document No. 2011-179514. Under the terms of the Original Ground Lease, Defendant C&A Investment LLC was required to maintain replacement coverage insurance on the Property and was required, in case of casualty, to rebuild the Building.

24. The Original Ground Lease, at Page 9, ¶ 8, states, in pertinent part:

> That the Lessee will at its own expense at all times during said term keep all buildings and improvements now or hereafter erected on the demised land insured against loss or damage by fire with extended coverage in a responsible insurance company authorized to do business in Hawaii, in an amount as near as practicable to the replacement cost thereof, in the joint names of the Lessors and Lessee, payable in case of loss to the Lessors and Lessee as their interests may appear … in case said moneys received shall be insufficient in amount for such construction, the Lessee shall make up the deficiency out of its own funds…

25. C&A Investment LLC obtained property coverage in the amount of $2,000,000.00. *See,* **Exhibit "J,"** a true and correct copy of Supplemental Declarations, Commercial Property Coverage Part (excerpt from Commercial Package Policy).

26. Plaintiffs estimate that the cost for replacement of the leasehold Property will not be less than $8,000,000.00.

## COUNT ONE
### (AS TO ALL DEFENDANTS)
### (Breach of Contract)

27. Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 26 herein and incorporate same by reference as though fully set forth herein.

28. C&A failed to maintain adequate replacement costs of the Building insurance coverage in the event of a total casualty loss pursuant to the terms of the Original Ground Lease, as amended.

29. Due to the Maui fire, the Building was a total casualty loss.

30. C&A also failed to undertake steps to initiate rebuilding and replacing the Building according to its original plans and specifications pursuant to the terms of the Original Ground Lease, as amended.

31. C&A has failed to pay past rent due, including State of Hawaii General Excise Tax, pursuant to the terms of the Original Ground Lease, as amended.

32. The Kaneshiro Group and Real Estate Delivery 2, Inc. are jointly and severally liable for the obligations of the current lessee, C&A, under the Original Ground Lease, as amended, including but not limited to its affirmative obligation to maintain replacement cost insurance, rebuild the Building according to its original

9

plans and specifications, and pay past rent due under the terms of the Original Ground Lease, as amended.

33. As a result, Plaintiffs have sustained damages in an amount to be determined at trial.

### COUNT TWO
### (AS TO C&A INVESTMENT LLC)
### (Preliminary Injunction)

34. Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 32 herein and incorporate same by reference as though fully set forth herein.

35. C&A has failed to comply with the terms of the Original Ground Lease, as amended. Specifically, C&A refused to reimburse Plaintiffs for the insurance proceeds paid to it following the Maui fires.

36. Without injunctive relief, the Plaintiffs' rights to reimbursement and recovery of the insurance proceeds received by C&A will be jeopardized and/or eliminated through the wasting, spending, comingling, or converting of the insurance proceeds paid to it following the Maui fires. Legal damages are inadequate to protect the Plaintiffs from this irreparable harm.

37. Plaintiffs request that C&A be preliminarily and permanently enjoined from disbursing, wasting, spending, comingling, or converting any monies recovered by C&A from the insurance proceeds paid to it following the Maui fires until Plaintiffs' subrogation and reimbursement rights are resolved.

## COUNT THREE
### (AS TO C&A INVESTMENT LLC)
### (Unjust Enrichment)

38. Plaintiffs hereby reallege those allegations contained in paragraphs 1 through 36 herein and incorporate same by reference as though fully set forth herein.

39. C&A received insurance proceeds as a result of its insurance claim following the August 8, 2023, Maui fires.

40. As C&A failed to maintain adequate replacement costs of the Building insurance coverage in the event of a total casualty loss pursuant to the terms of the Original Ground Lease, as amended, C&A's retention of those insurance proceeds is improper and serves to unjustly benefit C&A to the detriment of the Trust.

41. "A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."

42. "A constructive trust is [one way] through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity [may convert] him into a trustee."

43. Plaintiff requests that this Court find that C&A has been unjustly enriched in an amount to be proven at trial.

44.     Plaintiffs further request that the Court order that the fire insurance proceeds C&A received arising out of the August 8, 2023, Maui fires, be held in constructive trust for the benefit of CHARLES D. STARK and TODD J. STARK, Co-Trustees of the Harold W. Conroy Trust "C".

## PRAYER:

WHEREFORE, Plaintiffs pray for:

1. preliminary and permanent injunctions prohibiting C&A from wasting, disbursing, spending or converting any monies recovered as a result of the fire insurance proceeds until such time as Plaintiffs are fully reimbursed all amounts due;

2. establishment of a constructive trust and/or equitable lien in the Plaintiffs' favor over any payment to or recovery by C&A in the amount of the insurance proceeds paid to C&A, including any interest earned on such proceeds;

3. an accounting of any insurance proceeds that C&A may allege for any funds that may have been received by and/or disbursed by C&A;

4. judgment against Defendants, jointly and severally;

5. compensatory damages;

6. pre-judgment and post-judgment interest;

7. reasonable attorneys' fees and costs; and

8. all other just and proper relief in the premises.

DATED: Honolulu, Hawaii, May 20, 2025.

       /s/ *Michael D. Rudy*
MICHAEL D. RUDY
RALPH J. O'NEILL
Attorneys for Plaintiffs
CHARLES D. STARK and
TODD J. STARK, Co-Trustees of the
Harold W. Conroy Trust "C"