EXHIBIT "E"

EXHIBIT "E"

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances,

*/s/ [signature]*

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii



R-276  STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
JAN 31, 2005    08:01 AM

Doc No(s) 2005-017754



/s/ CARL T. WATANABE
REGISTRAR OF CONVEYANCES

CONVEYANCE TAX: $1465.00

20    2/7    Z3

| LAND COURT SYSTEM | REGULAR SYSTEM |
|---|---|
| Return by Mail (✓)  Pickup ( ) To: | |
| MR JOE CALHOUN<br>1884 MAKILA PL<br>WAILUKU HI 96793 | TG:  200445278 -$<br>TGE: A4-202-0563<br>Kris Klask |

RS-2

| Tax Key: (2) 4-5-007-026 | Total No. of Pages: 15 |
|---|---|

## ASSIGNMENT OF LEASE

THIS INDENTURE made this **28** day of **December**, 20**04**, by and between GERALD KWOCKHEN WONG, unmarried, whose address is 1330 Beretania #304, Honolulu, Hawaii 96814, CLYDE TAKASHI KANESHIRO, married, whose address is c/o Honolulu Disposal, P. O. Box 30968, Honolulu, Hawaii 96814, and ROBIN JOY ISHIBASHI, unmarried, whose address is 1330 Beretania #303, Honolulu, Hawaii 96814, hereinafter called the "Assignor", and CALHOUN, LLC, a Hawaii limited liability company, whose address

1054-2/Wong-Calhoun/ssu/11/18/04        -1-

EXHIBIT "E"

is 1884 Makila Pl., Wailuku, Maui, Hawaii 96793, hereinafter called the "Assignee".

WITNESSETH THAT:

The Assignor, in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to Assignor paid, the receipt of which is acknowledged, does hereby sell, assign, transfer and set over to the Assignee as a tenant in severalty, that certain Lease described in Exhibit "A" attached hereto and by this reference incorporated herein, demising the premises, with the appurtenances and easements, but subject to the encumbrances, exceptions and reservations therein set forth covering the premises described on said Exhibit "A".

AND all the estate, right, title and interest of the Assignor in and to the leasehold premises and all improvements thereon.

TO HAVE AND TO HOLD the same unto the Assignee in the manner hereinabove set forth for the rest, residue and remainder of the term of the lease upon and subject to all the terms, covenants, conditions, and provisions therein contained and on the part of the Lessee named in the lease to be observed and performed.

AND THE ASSIGNOR hereby covenants with the Assignee that the Assignor is the lawful owner of the lease and of the

leasehold estate created thereby and has good right to sell and convey the same as aforesaid; that the same are free and clear of all encumbrances except non-delinquent real property taxes and as provided herein or in the lease, which is now in full force and effect in accordance with its terms and not in default in any respect whatsoever; and that the Assignor will WARRANT and DEFEND the same unto the Assignee for the full term thereof against the lawful claims and demands of all persons, except as aforesaid.

AND THE ASSIGNEE in consideration thereof hereby covenants with the Assignor that the Assignee will pay all rents reserved by the lease when the same become due and payable and will observe and perform all the covenants therein contained and on the part of the lessee therein named to be observed and performed, and will indemnify the Assignor against the nonpayment of the rents, and secured indebtedness, and other sums and the nonobservance and nonperformance of these covenants.

The assignment herein set forth and the warranties of the Assignor concerning the same are expressly declared to be in favor of the Assignee, the heirs, representatives, administrators, successors and assigns of the Assignee.

AND IT IS HEREBY MUTUALLY AGREED that the transfer herein and the covenants contained herein shall inure to the benefit of and be binding upon the parties hereto and their respective heirs, representatives, administrators, successors in interest of title and permitted assigns, and that the covenant of any two or more persons herein shall be joint and several unless a contrary intention shall be clearly expressed elsewhere herein. The term "lease" herein shall mean and include the lease assigned hereby, as it may have been amended to the date hereof.

The parties hereto agree that this instrument may be executed in counterparts, each of which shall be deemed an original, and said counterparts shall together constitute one and the same agreement, binding all of the parties hereto, notwithstanding all of the parties are not signatory to the original or the same counterparts. For all purposes, including, without limitation, recordation, filing and delivery of this instrument, duplicate unexecuted and unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as one document.

IN WITNESS WHEREOF, the Assignor and Assignee have executed this instrument as of the day and year first above written.

*APPROVED AS TO FORM:*
*MANCINI, WELCH & GEIGER LLP*

*By Peter A. Horovitz*

_____
GERALD KWOCKHEN WONG

_____
CLYDE TAKASHI KANESHIRO

_____
ROBIN JOY ISHIBASHI

        Assignor

CALHOUN, LLC

By _____
  Its _____

By _____
  Its _____

        Assignee

IN WITNESS WHEREOF, the Assignor and Assignee have executed this instrument as of the day and year first above written.

*APPROVED AS TO FORM:*
*MANCINI, WELCH & GEIGER LLP*

*By Peter A. Horovitz*

---
GERALD KWOCKHEN WONG

*[signature]*
---
CLYDE TAKASHI KANESHIRO


---
ROBIN JOY ISHIBASHI

                                Assignor

CALHOUN, LLC

By _____
Its _____

By _____
Its _____

                                Assignee

IN WITNESS WHEREOF, the Assignor and Assignee have executed this instrument as of the day and year first above written.

*APPROVED AS TO FORM:*
*MANCINI, WELCH & GEIGER LLP*

*By Peter A. Horovitz*

_____
GERALD KWOCKHEN WONG

_____
CLYDE TAKASHI KANESHIRO

_____/s/ Ishibashi_____
ROBIN JOY ISHIBASHI

                Assignor

CALHOUN, LLC

By _____
   Its _____

By _____
   Its _____

                Assignee

IN WITNESS WHEREOF, the Assignor and Assignee have executed this instrument as of the day and year first above written.

*APPROVED AS TO FORM:*
*MANCINI, WELCH & GEIGER LLP*

*By Peter A. Horovitz*

GERALD KWOCKHEN WONG

CLYDE TAKASHI KANESHIRO

ROBIN JOY ISHIBASHI

          Assignor

CALHOUN, LLC

By _Joseph J. Calhoun_
Its _Member_

By _____
Its _____

          Assignee

STATE OF HAWAII            )
                           ) SS.
CITY AND COUNTY OF HONOLULU )

On this 19th day of November, 2004, before me personally appeared GERALD KWOCKHEN WONG, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

_____
Print Name: FRANCINE T. MONIZ
Notary Public, State of Hawaii.

My commission expires: My commission expires June 9, 2006


STATE OF HAWAII            )
                           ) SS.
CITY AND COUNTY OF HONOLULU )

On this ____ day of _____, 20___, before me personally appeared CLYDE TAKASHI KANESHIRO, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

_____
Print Name: _____
Notary Public, State of Hawaii.

My commission expires: _____

1054-2/Wong-Calhoun/ssu/11/18/04        -6-

```
STATE OF HAWAII                    )
                                   )  SS.
CITY AND COUNTY OF HONOLULU        )
```

On this _____ day of _____, 20___, before me personally appeared GERALD KWOCKHEN WONG, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

Print Name: _____
Notary Public, State of Hawaii.

My commission expires: _____

```
STATE OF HAWAII                    )
                                   )  SS.
CITY AND COUNTY OF HONOLULU        )
```

On this 28th day of December, 2004, before me personally appeared CLYDE TAKASHI KANESHIRO, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

Print Name: Melvin Agsalion
Notary Public, State of Hawaii.

My commission expires: 1/10/07

1054-2/Wong-Calhoun/ssu/11/18/04            -6-

```
STATE OF HAWAII              )
                             )  SS.
CITY AND COUNTY OF HONOLULU  )
```

On this **19th** day of **November**, 20**04**, before me personally appeared ROBIN JOY ISHIBASHI, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

Print Name: **FRANCINE T. MONIZ**
Notary Public, State of Hawaii.

My commission expires: **June 9, 2006**


```
STATE OF HAWAII     )
                    )  SS.
COUNTY OF MAUI      )
```

On this _____ day of _____, 20___, before me personally appeared _____, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

Print Name: _____
Notary Public, State of Hawaii.

My commission expires: _____

STATE OF HAWAII            )
                           )  SS.
CITY AND COUNTY OF HONOLULU )

      On this _____ day of _____, 20___, before me personally appeared ROBIN JOY ISHIBASHI, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

      Print Name: _____
      Notary Public, State of Hawaii.

      My commission expires: _____

STATE OF HAWAII    )
                   )  SS.
COUNTY OF MAUI     )

      On this 22nd day of November, 2004, before me personally appeared Joseph J. Calhoun, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

      [Notary Seal: DORRIE L. TOBITA, NOTARY PUBLIC, STATE OF HAWAII]

      */s/ Dorrie L. Tobita*
      Print Name: Dorrie L. Tobita
      Notary Public, State of Hawaii.

      My commission expires: _____

      Dorrie L. Tobita
      Expiration Date: September 28, 2007

1054-2/Wong-Calhoun/ssu/11/18/04          -7-

## EXHIBIT "A"

The leasehold estate and interest created by that certain Lease entered into by and between Harold W. Conroy and Winifred Ann Stark, Trustees under that certain indenture of trust dated February 25, 1974, as Lessor, and Trans-Pacific Corporation, a Hawaii corporation, as Lessee, dated March 22, 1974, and recorded in the Bureau of Conveyances of the State of Hawaii in Liber 11585 on Page 1, for a term of 55 years commencing April 1, 1974, to and including February 28, 2029, which said Lease was amended by instruments dated February 21, 1979, recorded in Liber 14606 on Page 480, dated May 13, 1976, recorded in Liber 14867 on Page 732, dated December 31, 1985, recorded in Liber 19324 on Page 535, and dated November 30, 2004, recorded as Document No. 2005-017755, and which said Lease, as amended, by mesne assignments was assigned to the Assignor herein by instrument dated November 1, 1989, recorded in Liber 24069 on Page 489, demising the following described premises:

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 1871, Land Commission Award Number 5116, Apana 2 to Samuela Kanae and Royal Patent Number 408, Land Commission Award Number 281-B to Ali and Land Patent Number 8391, Land Commission Award Number 11216:19 to M. Kekauonohi (Certificate of Boundaries No. 218 Part 1)) situate, lying and being at Kuholilea 1, Kuholilea 2, Aupokopoko, Nakaleo, Hanakaoo, Lahaina, Island and County of Maui, State of Hawaii, being LOT 14-A, of the consolidation of Lots 13 and 14 of the Wili Ko Subdivision (File Plan 1144), and thus bounded and described as per survey dated November 29, 2004, to-wit:

Beginning at a 1/2 inch pipe (found) at the most westerly corner of this parcel of land, the most southerly corner of Lot 12 of the Wili Ko Subdivision (File Plan 1144) and being also a point on the northerly boundary of Lot 15 of the Wili Ko Subdivision (File Plan 1144), the coordinates of said point of beginning referred to Government Survey Triangulation Station "LAINA" being 5,417.67 feet south and 3,694.30 feet west and running by azimuths measured clockwise from true South; thence,

1.   46°   59'          195.38 feet along Lot 15 to a 1/2
                                inch pipe (found); thence,

2. Following along Limahana Place along a curve to the right with a radius of 793.51 feet, the chord azimuth and distance being:

    133° 53' 30"    85.59 feet to a "PK" nail (set); thence,

3. 136° 59'    97.70 feet along the same to a "PK" nail (set); thence,

4. Following along Wili Ko Place along a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being:

    181° 59'    28.28 feet to a "PK" nail (set); thence,

5. 226° 59'    160.00 feet along the same to a "PK" nail (set); thence,

6. Following along the same along a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being:

    271° 59'    28.28 feet to a spike (found); thence,

7. 316° 59'    183.16 feet along the same and along Lot 17 to the point of beginning and containing an area of 40,330 square feet, more or less.

    Note: An Amendment of Lease reflecting the above land description has not been located of record.

    SUBJECT, HOWEVER, to the following:

    1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

    2. The terms and provisions, including the failure to comply with any covenants, conditions and reservations,

contained in Deed dated November 6, 1969, effective as of July 1, 1969, recorded in the said Bureau of Conveyances in Liber 6780 on Page 285.

        The foregoing includes, but is not limited to the following:

> "Reserving and excepting to the Grantor, its successors and assigns forever, as appurtenant to the lands of the Grantor located on the District of Lahaina, now owned and used or hereafter acquired and used by the Grantor in its sugar plantation operations, the perpetual right and easement over and upon the granted premises to discharge, emit, diffuse and inflict noise, vibration, smoke, soot, dust, lights, noxious vapors, odors, and other minor nuisances of every description, created by and resulting from (1) the operations of the Grantor in burning sugar cane and bagasse, milling, generating power, trucking, hauling and all other activities incidental to the operation of a sugar plantation and (2) the operation of the Grantor, its lessees or licensees in constructing, operating maintaining a railroad, a portion of which may be located adjacent to the parcel of land described above, and all other activities incidental to the operation of a railroad."

    3.    The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in Deed dated January 26, 1971, recorded in the said Bureau of Conveyances in Liber 7411 on Page 146.

    4.    The terms and provisions, including the failure to comply with any covenants, conditions and reservations, contained in the Lease(s), as amended, referred to herein.

    Note:  An Amendment of Lease reflecting the above land description has not been located of record.

    5.    Any unrecorded leases and matters arising from or affecting the same.

<u>END OF EXHIBIT "A"</u>
Tax Key:  (2) 4-5-007-026



1054-2/Wong-Calhoun/ssu/11/18/04      -10-