EXHIBIT "G"

EXHIBIT "G"

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances,

*Nile H. Imanaka*

Registrar of Conveyances
Assistant Registrar, Land Court
State of Hawaii



R-278    STATE OF HAWAII
BUREAU OF CONVEYANCES
RECORDED
JAN 31, 2005        08:01 AM

Doc No(s) 2005-017756



/s/ CARL T. WATANABE
REGISTRAR OF CONVEYANCES

20    4/7    Z3

| LAND COURT SYSTEM | REGULAR SYSTEM |
|---|---|
| Return By:  Mail (✓)  Pickup (  )  To: | |

**First Hawaiian Bank**
Commercial Loan Center
2339 Kamehameha Highway, Room 447
Honolulu, Hawaii  96819

Total Pages:  6

TG: 200445278 - S
TGE: A4 2020563    Pg.4

0289301.KYS
**1000 Limahana Place, Lahaina, Hawaii 96761**
**Tax Map Key: 4-5-007-026 (2)**

## RESERVATION OF ALL LESSOR'S RIGHTS AND INTEREST UNDER LEASE

THIS RESERVATION OF ALL LESSOR'S RIGHTS AND INTEREST UNDER LEASE
(the "**Agreement**") entered into this __17__ day of __January, 2005__, by and among:

A. **HAROLD W. CONROY** and **WINIFRED ANN STARK**, Trustees under that
certain indenture of trust dated February 25, 1974 (Harold W. Conroy Trust "C") executed
by Harold W. Conroy as Settlor in which Winifred Ann Stark is named as beneficiary,
hereinafter called "**Lessors**",

B. **CALHOUN, LLC**, a Hawaii limited liability company, whose address is 1354
Lower Main Street, Wailuku, Hawaii  96793, hereinafter called the "**Lessee**", and

C. **FIRST HAWAIIAN BANK**, a Hawaii corporation, whose principal place of
business is 999 Bishop Street, Honolulu, Hawaii  96813, at its **Kahului Banking Center**,
whose address is 20 West Kaahumanu Avenue, Kahului, Hawaii  96732, hereinafter called
"**First Hawaiian Bank**",

### WITNESSETH THAT:

**WHEREAS**, the Lessors are the lessors under the following Indenture of Lease:

# EXHIBIT "G"

That certain Lease dated March 22, 1974, by and between Harold W. Conroy and Winifred Ann Stark, Trustees under that certain indenture of trust dated February 25, 1974, as Lessor, and Trans-Pacific Corporation, a Hawaii corporation, as Lessee, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 11585, at Page 1, for a term of fifty-five (55) years commencing on April 1, 1974, to and including February 28, 2029; said Lease being amended by those certain instruments dated February 21, 1979, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 14606, at Page 480; dated May 13, 1976, recorded as aforesaid in Liber 14867, at Page 732; December 31, 1985, recorded as aforesaid in Liber 19324, at Page 535; dated March 1, 2002, recorded as aforesaid as Document No. _____ ; and dated November 30, 2004, recorded as aforesaid as Document No. 2005-017763 amending said Lease to extend the term from March 1, 2029, to and including February 28, 2039 (as amended, the "Lease"); said Lease covering the property located at 1000 Limahana Place, Lahaina, Hawaii 96761, more fully described in **EXHIBIT A** attached hereto;

**WHEREAS**, GERALD KWOCKHEW WONG, CLYDE TAKASHI KANESHIRO and ROBIN JOY ISHIBASHI, the present owners and holders of said Lease, have agreed with the Lessee for the sale and assignment of said Lease to the Lessee, and the Lessee has agreed with First Hawaiian Bank to assign said Lease to First Hawaiian Bank by way of a First Leasehold Mortgage, Security Agreement and Financing Statement (the "**Mortgage**") in return for a loan in the amount of ONE **MILLION NINETY EIGHT THOUSAND SEVEN HUNDRED FIFTY AND NO/100 DOLLARS (U.S. $1,098,750.00)**, to be paid to the sellers as part of the purchase price, and First Hawaiian Bank as a condition for said loan and as additional security therefor will require that all subleases, rentals and other choses in actions be assigned by way of mortgage to First Hawaiian Bank by way of an Absolute Assignment of Rentals and Assignment of Lessor's Interest in Leases (the "**Assignment**"); and

**WHEREAS**, the Lessors will consent to said Mortgage and said Assignment of subleases and lease rentals only upon condition that the rentals be held and applied first in payment of the monthly Lease rentals payable in the amount of **EIGHT THOUSAND SEVEN HUNDRED FIFTY TWO AND 51/100 DOLLARS (U.S. $8,752.51)**, which sum includes the 4.1667% gross excise tax payable on said rental, for the period ending November 30, 2014, and thereafter in the amount of **NINE THOUSAND EIGHT HUNDRED TWO AND 43/100 DOLLARS (U.S. $9,802.43)**, which sum includes the 4.1667% gross excise tax payable on said rental, for the period ending November 30, 2019, and thereafter in an amount agreed upon between the Lessors and the Lessee, and failing agreement by appraisal as provided in said Lease; and in payment of all real property tax and insurance premiums; secondly, on the mortgage interest and principal payments, and the balance to the Lessee; and the parties hereto have agreed to enter into an agreement for the application of said sublease rentals as aforesaid, and the reservation of all Lessor's rights and interest under said Lease as amended, under the terms and conditions herein set forth,

**NOW, THEREFORE**, the Lessors, Lessee, and First Hawaiian Bank, for and in consideration of the Lessors' granting consent to said Mortgage and said Assignment, and the mutual covenants and conditions of the parties hereto as hereinafter set forth, and other valuable considerations, hereby agree as follows:

1. Lessee shall appoint a collection and Disbursing Agent approved by the Lessors and First Hawaiian Bank, and Lessee irrevocably hereby agrees that a reserve fund shall be established with the Collection and Disbursing Agent and Lessee shall deposit on the first day of each calendar month commencing December 1, 2004, and continuing throughout the period said Mortgage is a lien on said

Lease, by delivery to said Collection and Disbursing Agent, and by Collection and Disbursing Agent's immediate deposit into such fund, a sum in an amount which together with any funds existing in said account shall be sufficient to pay in full to the Lessors the monthly rental of **EIGHT THOUSAND SEVEN HUNDRED FIFTY TWO AND 51/100 DOLLARS (U.S. $8,752.51)**, which sum includes the 4.1667% gross excise tax payable on said rental, or in the amount of such rental as shall be payable to the Lessors from and after December1, 2004, in accordance with the terms of said Lease; and the Collection and Disbursing Agent shall on the first day of each month remit said rental to the Lessors.

2.    Lessee covenants and agrees that there shall be delivered to the Collection and Disbursing Agent upon its receipt for deposits in said fund, all sublease and tenant, rentals, tolls, revenues, issues, income, product or profits (**"Lease Income"**) of the demised premises (**"Premises"**) for the purpose of assuring timely payment of all Lease rent (**"Rent"**), real property taxes, special assessments on the Premises and gross excise taxes (**"Taxes"**); advance premiums for liability insurance and fire insurance with extended coverage and other types of insurance required under the Lease (**"Insurance"**); the timely payment of the interest and principal payments on the promissory note in favor of First Hawaiian Bank in the amount of **ONE MILLION NINETY EIGHT THOUSAND SEVEN HUNDRED FIFTY AND NO/100 DOLLARS (U.S. $1,098,750.00)** and the Mortgage and the Assignment as security therefor (**"Mortgage Payments"**).

3.    First, the Collection and Disbursing Agent shall pay the Rent to the Lessors on the first day of each month and shall make timely payment of Taxes and Insurance, and secondly to pay general excise taxes due on the Lease Income and commissions due to the Collection and Disbursing Agent, and thirdly, shall pay to First Hawaiian Bank, on or before the due date, the Mortgage payments. All sums remaining in the account after such payments are made, less that sum which must be proportionately retained to pay when due Taxes and Insurance, shall be paid to Lessee.

4.    The Lease Income of the Premises shall be maintained in the account in amounts adequate to provide funds necessary to make one month's payment of Rents and timely payments as they become due of Insurance and Taxes and Mortgage Payments pursuant to said Lease, promissory note and mortgage, and the provisions hereof; and during the term of this Escrow Agreement and commencing December 1, 2004, Lessee shall deposit with Collection and Disbursing Agent from time to time as may be necessary, to the extent that there shall be insufficient Lease Income of the Premises to provide payment of Rents, Insurance, Taxes and Mortgage Payments, sums in amounts adequate to provide for timely payment. All funds in excess of the amounts to be reasonably maintained in said account for timely payment of said Rent, Insurance, Taxes and Mortgage Payments shall be remitted monthly by the Collection and Disbursing Agent to the Lessee.

5.    All income earned on the escrow fund shall be for the benefit of the Lessee and shall be remitted by the Collection and Disbursing Agent to the Lessee monthly, subject to the foregoing provisions. All fees, charges and expenses of the Collection and Disbursing Agent shall be paid entirely by the Lessee, and the Lessors and First Hawaiian Bank shall have no liability or responsibility therefor. Any loss of funds while in the hands of Collection and Disbursing Agent shall not be at the risk of Lessors or First Hawaiian Bank. In the event of the resignation or other termination of the employment of the Collection and Disbursing Agent, the Lessee shall appoint a successor Collection and Disbursing Agent, subject to the approval of the Lessors and First Hawaiian Bank, which approval shall not be unreasonably withheld or delayed.

6.    It is understood and agreed that the within agreements and the mortgage and related security instruments shall not modify, amend or supersede any provision of the Lease, and if there is any conflict between said mortgage and related security instruments, the terms and provisions hereof and said

Lease, the terms and provisions hereof and said Lease shall control. It is the express intent of this Agreement and all parties to this Agreement that the "Lease", as amended, and all of its provisions shall have priority over and supersede any and all conflicting provisions of the loan, mortgage and security documents, and those documents, now, and as may later be amended, shall only apply to the rights of the lessee under the "Lease" to the extent of Lessee's interest under the lease, and are, and shall remain, subordinate to the rights of the Lessors. The Lessee shall continue to be liable under the terms of the Lease for payment of all Rent, Insurance, Taxes and other obligations and the performance in accordance with the Lease covenants as provided therein, and the Lessors shall have all rights of enforcement, termination and forfeiture of the Lease as provided therein.

Executed by the parties hereto as of the day and year first written.

HAROLD W. CONROY, Trustee under that certain indenture of trust dated February 25, 1974 (Harold W. Conroy Trust "C") executed by Harold W. Conroy as Settlor in which Winifred Ann Stark is named as beneficiary

WINIFRED ANN STARK, Trustee under that certain indenture of trust dated February 25, 1974 (Harold W. Conroy Trust "C") executed by Harold W. Conroy as Settlor in which Winifred Ann Stark is named as beneficiary

"Lessor"

CALHOUN, LLC, a Hawaii limited liability company

By _____
Joseph Calhoun
Its Manager

"Lessee"

FIRST HAWAIIAN BANK

By _____
Name: BRIAN M. KAKIHARA
Office: VICE PRESIDENT

"First Hawaiian Bank"

-4-

STATE OF HAWAII                    )
                                   ) SS:
CITY AND COUNTY OF HONOLULU        )

    On this _17th_ day of _January 2005_, before me personally appeared **HAROLD W. CONROY**, Trustee under that certain indenture of trust dated February 25, 1974 (Harold W. Conroy Trust "C") executed by Harold W. Conroy as Settlor in which Winifred Ann Stark is named as beneficiary, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed said instrument as his free act and deed as such trustee.

Name of Notary:
Notary Public, State of Hawaii Michele Renee Bulosan
My Commission expires:  Expiration Date: June 2, 2006

STATE OF CALIFORNIA                )
                                   ) SS:
COUNTY OF _SONOMA_                 )

    On this _10_ day of _January 2005_, before me personally appeared **WINIFRED ANN STARK**, Trustee under that certain indenture of trust dated February 25, 1974 (Harold W. Conroy Trust "C") executed by Harold W. Conroy as Settlor in which Winifred Ann Stark is named as beneficiary, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed said instrument as her free act and deed as such trustee.

HEATHER M. JOHNSON
COMM. # 1316412
NOTARY PUBLIC-CALIFORNIA
SONOMA COUNTY
COMM. EXP. AUG. 19, 2005

Name of Notary: Heather M. Johnson
Notary Public, State of California
My Commission expires:

STATE OF HAWAII                    )
                                   ) SS:
COUNTY OF MAUI                     )

    On this _____ day of _JAN 0 6 2005_, before me appeared **JOSEPH CALHOUN** (the "Manager"), to me personally known, who, being by me duly sworn did say that he is a Manager of CALHOUN, LLC, a Hawaii limited liability company which is Manager-Managed (the "LLC"); that said instrument was executed by said Manager in the name and on behalf of the LLC by authority of its Members; and said Manager acknowledged that he executed said instrument as his free act and deed as a Manager of the LLC, and as the free act and deed of the LLC.

Name of Notary: ERLINDA H. RUSSELL
Notary Public, State of Hawaii
My Commission expires: 2/4/2005

-5-

STATE OF HAWAII                    )
                                   ) SS:
COUNTY OF MAUI                     )

On this _____ day of ___ JAN 0 6 2005 ___, before me appeared
___BRIAN M. KAKIHARA_____, to me personally known, who, being by me duly sworn, did say that
___he_____ is the ____VICE PRESIDENT_____ of FIRST HAWAIIAN BANK, a Hawaii corporation; and
that said instrument was signed in the name and on behalf of said corporation by authority of its Board of Directors;
and said ____BRIAN M. KAKIHARA_____ acknowledged that ___he____ executed said instrument as
the free act and deed of said corporation.

Name of Notary: ERLINDA H. RUSSELL
Notary Public, State of Hawaii
My Commission expires: 2/4/2005

-6-

1000 Limahana Place, Lahaina, Hawaii 96761
Tax Map Key: 4-5-007-026 (2)
(Title Guaranty)
0288560.FAB

## EXHIBIT A

That certain Lease dated March 22, 1974, by and between Harold W. Conroy and Winifred Ann Stark, Trustees under that certain indenture of trust dated February 25, 1974, as Lessor, and Trans-Pacific Corporation, a Hawaii corporation, as Lessee, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 11585, at Page 1, for a term of fifty-five (55) years commencing on April 1, 1974, to and including February 28, 2029; said Lease being amended by those certain instruments dated February 21, 1979, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 14606, at Page 480; dated May 13, 1976, recorded as aforesaid in Liber 14867, at Page 732; dated December 31, 1985, recorded as aforesaid in Liber 19324, at Page 535; dated March 1, 2002, recorded as aforesaid as Document No. _____; and dated November 30, 2004, recorded as aforesaid as Document No. 2005-017753, amending said Lease to extend the term from March 1, 2029, to and including February 28, 2039; the Lessee's interest being assigned, by mesne assignments, from Gerald Kwockhen Wong, married, Clyde Takashi Kaneshiro, married, and Robin Joy Ishibashi, married, as Assignor, to CALHOUN, LLC, a Hawaii limited liability company, as Assignee, by that certain instrument dated December 28, 2004, recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2005-017754; said Lease, as amended, demising the following described premises:

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 1871, Land Commission Award Number 5116, Apana 2 to Samuela Kanae and Royal Patent Number 408, Land Commission Award Number 281-B to Ali and Land Patent Number 8391, Land Commission Award Number 11216:19 to M. Kekauonohi (Certificate of Boundaries No. 218 Part 1) situate, lying and being at Kuholilea 1, Kuholilea 2, Aupokopoko, Nakaleo, Hanakaoo, District of Lahaina, Island and County of Maui, State of Hawaii, being **LOT 14-A**, of the consolidation of Lots 13 and 14 of the **"WILI KO SUBDIVISION"**, (File Plan No. 1144), and thus bounded and described as per survey dated November 29, 2004, to wit:

Beginning at a 1/2 inch pipe (found) at the most westerly corner of this parcel of land; the most southerly corner of Lot 12 of the Wili Ko Subdivision (File Plan 1144) and being also a point on the northerly boundary of Lot 15 of the Wili Ko Subdivision (File Plan 1144), the coordinates of said point of beginning referred to Government Survey Triangulation Station "LAINA" being 5,417.67 feet south and 3,694.30 feet west and running by azimuths measured clockwise from true South; thence,

| | | | | |
|---|---|---|---|---|
| 1. | 46° | 59' | | 195.38 | feet along Lot 15 to a 1/2 inch pipe (found); thence, |
| 2. | | | | Following along Limahana Place along a curve to the right with a radius of 793.51 feet, the chord azimuth and distance being: |
| | 133° | 53' | 30" | 85.59 | feet along a "PK" nail (set); thence, |
| 3. | 136° | 59' | | 97.70 | feet along the same to a "PK" nail (set); thence, |

EXHIBIT A, Page 1

| 4. | | | | Following along Wili Ko Place along a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being: |
|---|---|---|---|---|
| | 181° | 59' | 28.28 | feet to a "PK" nail (set); thence, |
| 5. | 226° | 59' | 160.00 | feet along the same to a "PK" nail (set); thence, |
| 6. | | | | Following along the same along a curve to the right with a radius of 20.00 feet, the chord azimuth and distance being: |
| | 271° | 59' | 28.28 | feet to a spike (found); thence, |
| 7. | 316° | 59' | 183.16 | feet along the same and along Lot 17 to the point of beginning and containing an area of 40,330 square feet, more or less. |

**SUBJECT, HOWEVER**, to the following:

1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. Terms, provisions, covenants, conditions and reservations contained in that certain Deed dated November 6, 1969, effective as of July 1, 1969, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 6780, at Page 285.

The foregoing includes, but is not limited to the following:

"Reserving and excepting to the Grantor, its successors and assigns forever, as appurtenant to the lands of the Grantor located on the District of Lahaina, now owned and used or hereafter acquired and used by the Grantor in its sugar plantation operations, the perpetual right and easement over and upon the granted premises to discharge, emit, diffuse and inflict noise, vibration, smoke, soot, dust, lights, noxious vapors, odors, and other minor nuisances of every description, created by and resulting from (1) the operations of the Grantor in burning sugar cane and bagasse, milling, generating power, trucking, hauling and all other activities incidental to the operation of a sugar plantation and (2) the operation of the Grantor, its lessees or licensees in constructing, operating maintaining a railroad, a portion of which may be located adjacent to the parcel of land described above, and all other activities incidental to the operation of a railroad."

3. Terms, provisions, covenants, conditions and reservations contained in that certain Deed dated January 26, 1971, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 7411, at Page 146.

4. Terms, provisions, covenants, conditions and reservations contained in that certain Lease, as amended.

EXHIBIT A, Page 2

5.  Terms, provisions, covenants, conditions and reservations contained in any unrecorded subleases covering the property described herein.

EXHIBIT A, Page 3