EXHIBIT "H"

EXHIBIT "H"

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances,

*Registrar of Conveyances*
*Assistant Registrar, Land Court*
*State of Hawaii*

R-112    **STATE OF HAWAII**
**BUREAU OF CONVEYANCES**
**RECORDED**
SEP 14, 2010    08:01 AM

Doc No(s) 2010-135241

/s/ NICKI ANN THOMPSON
**REGISTRAR**
CONVEYANCE TAX: $225.00

20    2/2    Z14

| LAND COURT SYSTEM | REGULAR SYSTEM |
|---|---|

Return by Mail ( X )   Pickup (   )   To:

MANCINI, WELCH & GEIGER LLP  (jmt)   TGK: 4180710
33 LONO AVENUE, SUITE 470
KAHULUI, HI   96732



TITLE GUARANTY OF HAWAII HAS
FILED THIS DOCUMENT FOR RECORD
AS AN ACCOMMODATION ONLY. THIS
DOCUMENT   HAS   NOT   BEEN
REVIEWED OR IN ANY WAY EXAMINED
AS TO ITS EFFECT ON REAL PROPERTY.

Tax Key:   (2) 4-5-007-026          Total No. of Pages:    10

## COMMISSIONER'S QUITCLAIM ASSIGNMENT OF LEASE

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, LEIL KOCH, whose address is 727 Wainee

Street, Suite 104, Lahaina, Maui, Hawaii 96761, herein called

the "Assignor", was duly appointed as Commissioner pursuant to

that certain Findings of Fact, Conclusions of Law, and Order

Granting Plaintiff's Motion for Summary Judgment and

Interlocutory Decree of Foreclosure dated November 10, 2009,

filed in the Second Circuit Court, State of Hawaii, on November

19, 2009, in that certain proceeding entitled "First Hawaiian

Bank, a Hawaii corporation, Plaintiff, vs. Calhoun, LLC; Joseph

EXHIBIT "H"

J. Calhoun; Harold W. Conroy, Trustee; Winifred Ann Stark,

Trustee; John Does 1-5; Doe Entities 1-5, Defendants,"

designated as Civil No. 09-1-0341(1) in the files of said Court

(hereinafter referred to as "Interlocutory Decree"); and

WHEREAS, pursuant to said Interlocutory Decree,

Assignor herein duly held a public auction on February 4, 2010,

wherein the property hereinafter described was offered for sale,

and wherein REAL ESTATE DELIVERY 2, INC., a Hawaii corporation,

whose address is 999 Bishop St., 8th Floor, Honolulu, Hawaii

96813, herein called the "Assignee", was the purchaser of said

property, subject to the confirmation of said Court; and

WHEREAS, said sale has been confirmed by said Court by

Order Approving Commissioner's Report, Confirming Sale of

Property at Public Auction, Directing Distribution of Proceeds

and for Writ of Possession dated August 9, 2010, filed in the

aforesaid proceeding (hereinafter referred to as "Order"), and

in and by the terms of said Order, the Assignor herein was

directed to make a good and sufficient conveyance of the

property hereinafter described to Assignee herein;

NOW, THEREFORE, Assignor, as Commissioner aforesaid,

for and in consideration of the sum of ONE HUNDRED FIFTY

THOUSAND AND NO/100 DOLLARS ($150,000.00) paid by the Assignee,

receipt of which is hereby acknowledged, and in compliance with

said Court Order as hereinbefore set forth, does hereby give,

assign, release and forever quitclaim to the Assignee as a tenant in severalty, all of Assignor's right, title and interest in and to that certain Lease described in Exhibit "A" attached hereto and by this reference incorporated herein, demising the premises, with the appurtenances and easements, but subject to the encumbrances, exceptions and reservations therein set forth covering the premises described on said Exhibit "A".

AND all the estate, right, title and interest of the Assignor in and to the leasehold premises and all improvements thereon.

TO HAVE AND TO HOLD the same unto the Assignee in the manner hereinabove set forth for the rest, residue and remainder of the term of the Lease upon and subject to all the terms, covenants, conditions, and provisions therein contained and on the part of the lessee named in the Lease to be observed and performed.

AND THE ASSIGNEE, in consideration thereof, hereby covenants with the Assignor that the Assignee will pay all rents reserved by the Lease when the same become due and payable and will observe and perform all the covenants therein contained and on the part of the lessee therein named to be observed and performed, and will indemnify the Assignor against the nonpayment of the rents, and secured indebtedness, and other

sums and the nonobservance and nonperformance of these covenants.

The terms "Assignor" and "Assignee", as and when used herein, or any pronouns used in place thereof, shall mean and include the masculine or feminine, or neuter, the singular or plural number, individuals or corporations, and their and each of their respective successors, heirs, personal representatives, and permitted assigns, according to the context hereof. If these presents shall be signed by two or more Assignors or by two or more Assignees, all covenants of such parties shall for all purposes be joint and several.

The parties hereto agree that this instrument may be executed in counterparts, each of which shall be deemed an original, and said counterparts shall together constitute one and the same agreement, binding all of the parties hereto, notwithstanding all of the parties are not signatory to the original or the same counterparts. For all purposes, including, without limitation, recordation, filing and delivery of this instrument, duplicate unexecuted and unacknowledged pages of the counterparts may be discarded and the remaining pages assembled as one document.

IN WITNESS WHEREOF, the Assignor and the Assignee have executed these presents on this 12th day of August, 20 10.

APPROVED AS TO FORM:
MANCINI, WELCH & GEIGER LLP

By James W. Geiger

LEIL KOCH
Commissioner as aforesaid

Assignor

REAL ESTATE DELIVERY 2, INC.

By _____
Thomas W. Dixon Jr.
Its Vice President

By _____
Its _____

Assignee

STATE OF HAWAII          )
                         )  SS.
COUNTY OF MAUI           )

On this 12th day of August, 20 10, before me personally appeared LEIL KOCH, to me personally known, who, being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacity shown, having been duly authorized to execute such instrument in such capacity.

Print Name: Tammy L. Correa
Notary Public, State of Hawaii.

My commission expires: 9/26/2012

---

Date of Document: August 12, 2010          # Pages: 10
or ☐ Undated at time of notarization

Name: Tammy L. Correa                       Second Circuit

Doc. Description: Commissioner's Quitclaim
Assignment of Lease ; TMK (2) 4-5-007-026

Notary Signature                            8/12/10
                                            Date

NOTARY CERTIFICATION

STATE OF HAWAII           )
                          )  SS.
CITY AND COUNTY OF HONOLULU )

On this 25th day of August, 2010, before me
personally appeared Thomas W. Dixon Jr.,
to me personally known, who, being by me duly sworn or affirmed,
did say that such person(s) executed the foregoing instrument as
the free act and deed of such person(s), and if applicable, in
the capacity shown, having been duly authorized to execute such
instrument in such capacity.

Print Name: LAURA MATTIUCCI
Notary Public, State of Hawaii.
MY COMMISSION EXPIRES: 11/14/2012
My commission expires: _____

(Seal: LAURA MATTIUCCI  NOTARY PUBLIC  No. 04-847  STATE OF HAWAII)

| | |
|---|---|
| Date of Document: undated | # Pages: 10 |
| or ☐ Undated at time of notarization | |
| Name: LAURA MATTIUCCI | Second Circuit |
| Doc. Description: Commissioner's Quit Claim Assignment of Lease | |
| Notary signature | Date 8/25/10 |
| NOTARY CERTIFICATION | (Seal) |

(Seal: LAURA MATTIUCCI  NOTARY PUBLIC  No. 04-847  STATE OF HAWAII)

7

## EXHIBIT "A"

The leasehold estate and interest created by that certain Lease entered into by and between Harold W. Conroy and Winifred Ann Stark, Trustees under that certain indenture of trust dated February 25, 1974, as Lessor, and Trans-Pacific Corporation, a Hawaii corporation, as Lessee, dated March 22, 1974, recorded in the Bureau of Conveyances of the State of Hawaii in Liber 11585 on Page 1, for a term of 55 years commencing April 1, 1974, to and including February 28, 2029, which said Lease was amended by instruments dated February 21, 1979, recorded in Liber 14606 on Page 480, dated May 13, 1976, recorded in Liber 14867 on Page 732, dated December 31, 1985, recorded in Liber 19324 on Page 535, dated March 1, 2002 (unrecorded), as mentioned in instrument recorded as Document No. 2005-017753, and dated November 30, 2004, recorded as Document No. 2005-017753, the Lessee's interest in and to said Lease by mesne assignments was assigned to Calhoun, LLC, a Hawaii limited liability company, by instrument dated December 28, 2004, recorded as Document No. 2005-017754, consent thereto having been given by Lessor, effective as of December 1, 2004, by instrument dated January ____, 2005 (acknowledged January 12, 2005 and January 17, 2005), recorded as Document No. 2005-017755, leasing and demising the following described premises:

All of that certain parcel of land (being portion(s) of the land(s) described in and covered by Royal Patent Number 1871, Land Commission Award Number 5116, Apana 2 to Samuela Kanae and Royal Patent Number 408, Land Commission Award Number 281-B to Ali and Land Patent Number 8391, Land Commission Award Number 11216:19 to M. Kekauonohi (Certificate of Boundaries No. 218 Part 1)) situate, lying and being at Kuholilea 1, Kuholilea 2, Aupokopoko, Nakaleo, Hanakaoo, Lahaina, Island and County of Maui, State of Hawaii, being LOT 14-A, of the consolidation of Lots 13 and 14 of the Wili Ko Subdivision (File Plan 1144), and thus bounded and described as per survey dated November 29, 2004, to-wit:

Beginning at a 1/2 inch pipe (found) at the most westerly corner of this parcel of land, the most southerly corner of Lot 12 of the Wili Ko Subdivision (File Plan 1144) and being also a point on the northerly boundary of Lot 15 of the Wili Ko Subdivision (File Plan 1144), the coordinates of said point of beginning referred to Government Survey Triangulation Station "LAINA" being 5,417.67 feet south and 3,694.30 feet west

and running by azimuths measured clockwise from true South;
thence,

1.    46° 59'            195.38 feet along Lot 15 to a 1/2 inch
                         pipe (found); thence,

2.    Following along Limahana Place along a curve to the right
                         with a radius of 793.51 feet,
                         the chord azimuth and
                         distance being:

      133° 53' 30"      85.59 feet to a "PK" nail (set); thence,

3.    136° 59'           97.70 feet along the same to a "PK" nail
                         (set); thence,

4.    Following along Wili Ko Place along a curve to the right
                         with a radius of 20.00 feet,
                         the chord azimuth and
                         distance being:

      181° 59'           28.28 feet to a "PK" nail (set); thence,

5.    226° 59'          160.00 feet along the same to a "PK" nail
                         (set); thence,

6.    Following along the same along a curve to the right with a
                         radius of 20.00 feet, the
                         chord azimuth and distance
                         being:

      271° 59'           28.28 feet to a spike (found); thence,

7.    316° 59'          183.16 feet along the same and along Lot
                         17 to the point of beginning
                         and containing an area of
                         40,330 square feet, more or
                         less.

        SUBJECT, HOWEVER, to the following:

        1.    Reservation in favor of the State of Hawaii of
all mineral and metallic mines.

        2.    The terms and provisions contained in Deed dated
November 6, 1969, effective as of July 1, 1969, recorded in the
said Bureau of Conveyances in Liber 6780 at Page 285.

9

The foregoing includes, but is not limited to the following:

"Reserving and excepting to the Grantor, its successors and assigns forever, as appurtenant to the lands of the Grantor located on the District of Lahaina, now owned and used or hereafter acquired and used by the Grantor in its sugar plantation operations, the perpetual right and easement over and upon the granted premises to discharge, emit, diffuse and inflict noise, vibration, smoke, soot, dust, lights, noxious vapors, odors, and other minor nuisances of every description, created by and resulting from (1) the operations of the Grantor in burning sugar cane and bagasse, milling, generating power, trucking, hauling and all other activities incidental to the operation of a sugar plantation and (2) the operation of the Grantor, its lessees or licensees in constructing, operating maintaining a railroad, a portion of which may be located adjacent to the parcel of land described above, and all other activities incidental to the operation of a railroad."

3.    The terms and provisions contained in Deed dated January 26, 1971, recorded in the said Bureau of Conveyances in Liber 7411 on Page 146.

4.    The terms and provisions contained in the Lease(s), as amended, referred to herein.

5.    Any unrecorded leases and matters arising from or affecting the same.

6.    Discrepancies, conflicts in boundary lines, shortage in area, encroachments or any other matters which a correct survey or archaeological study would disclose.

<u>END OF EXHIBIT "A"</u>

Tax Key:   (2) 4-5-007-026

