CARLSMITH BALL LLP

| | |
|---|---|
| WILLIAM M. HARSTAD | 8942 |
| DEREK B. SIMON | 10612 |
| MATTHEW T. SHIMABUKURO | 11837 |

ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, Hawaii 96813
Tel. No. (808) 523-2500
Facsimile No. (808) 523-0842
wharstad@carlsmith.com
dsimon@carlsmith.com
mshimabukuro@carlsmith.com

Attorneys for Defendant
C & A INVESTMENT LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C", <br><br>Plaintiffs, <br><br>vs. <br><br>GERALD KWOCKCHEN WONG, individually; CLYDE TAKASHI KANESHIRO, individually; ROBIN JOY ISHIBASHI, individually; C & A INVESTMENT LLC, a Hawaii limited liability company; and REAL ESTATE DELIVERY 2, INC., a Hawaii corporation, <br><br>Defendants. | CIVIL NO. 1:25-cv-00207-MWJS-RT <br><br>**DEFENDANT C & A INVESTMENT LLC'S ANSWER TO PLAINTIFFS CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C" 'S COMPLAINT, FILED MAY 20, 2025 [DKT. 1];** CERTIFICATE OF SERVICE <br><br><br>TRIAL DATE: NONE SET |

**DEFENDANT C & A INVESTMENT LLC'S ANSWER TO PLAINTIFFS CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C"'S COMPLAINT, FILED MAY 20, 2025 [DKT. 1]**

Defendant C & A INVESTMENT LLC ("**Defendant**"), by and through its attorneys Carlsmith Ball LLP, answers the Complaint filed by Plaintiffs CHARLES D. STARK and TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C" ("**Plaintiffs**") on May 20, 2025 [Dkt. 1] ("**Complaint**"), as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required; to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of those conclusions and, on that basis, denies the same. Defendant denies all remaining allegations in Paragraph 1.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Defendant admits that the real property that is the subject of this action is situated in the County of Maui, State of Hawaiʻi. Paragraph 2 contains legal conclusions to which no response is required; to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of those conclusions and, on that basis, denies the same. Defendant denies all remaining allegations in Paragraph 2 as currently pled.

## **PARTIES**

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies those allegations.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies those allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, on that basis, denies those allegations.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, on that basis, denies those allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies those allegations.

8. In response to Paragraph 8 of the Complaint, Defendant denies that Craig Okamoto is a citizen of the State of Hawaiʻi. Defendant admits the remaining allegations in Paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies those allegations.

## GENERAL ALLEGATIONS

10. In response to Paragraph 10 of the Complaint, Defendant admits that the Harold W. Conroy Trust "C" is the fee-simple owner of the Property located at 1000 Limahana Place, Lahaina, Hawaiʻi 96761. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and, on that basis, denies those allegations.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant avers that the document referenced in Paragraph 12 of the Complaint speaks for itself; Defendant denies all allegations and characterizations in Paragraph 12 inconsistent with the referenced document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, on that basis, denies those allegations.

13. Defendant avers that the document referenced in Paragraph 13 of the Complaint speaks for itself; Defendant denies all allegations and characterizations in Paragraph 13 inconsistent with the referenced document. Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, on that basis, denies those allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies those allegations.

15. Defendant avers that the documents referenced in Paragraph 15 of the Complaint speak for themselves; Defendant denies all allegations and characterizations in Paragraph 15 inconsistent with the referenced documents. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and, on that basis, denies those allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies those allegations.

17. Defendant avers that the document referenced in Paragraph 17 of the Complaint speaks for itself; Defendant denies all allegations and characterizations in Paragraph 17 inconsistent with the referenced document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and, on that basis, denies those allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies those allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies those allegations.

20. Defendant avers that the document referenced in Paragraph 20 of the Complaint speaks for itself; Defendant denies all allegations and characterizations in Paragraph 20 inconsistent with the referenced document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, denies those allegations.

21. Defendant avers that the document referenced in Paragraph 21 of the Complaint speaks for itself; Defendant denies all allegations and characterizations in Paragraph 21 inconsistent with the referenced document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, on that basis, denies those allegations.

22. Defendant avers that the documents referenced in Paragraph 22 of the Complaint speak for themselves; Defendant denies all allegations and characterizations in Paragraph 22 inconsistent with the referenced documents. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 22 and, on that basis, denies those allegations.

23. Defendant avers that the documents referenced in Paragraph 23 of the Complaint speak for themselves; Defendant denies all allegations and characterizations in Paragraph 23 inconsistent with the referenced document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, on that basis, denies those allegations.

24. Defendant avers that the document referenced in Paragraph 24 of the Complaint speaks for itself; Defendant denies all allegations and characterizations in Paragraph 24 inconsistent with the referenced document. Defendant denies all remaining allegations in Paragraph 24.

25. Defendant avers that the document referenced in Paragraph 25 of the Complaint speaks for itself; Defendant denies all allegations and characterizations in Paragraph 25 inconsistent with the referenced document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, on that basis, denies those allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies those allegations.

## **COUNT ONE**
### (AS TO ALL DEFENDANTS)
### (Breach of Contract)

27. In response to Paragraph 27 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-26.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendant admits that improvements on the property were destroyed in the Maui fires.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, on that basis, denies those allegations.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required; to the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of those conclusions and, on that basis, denies the same.  Defendant denies all remaining allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

## COUNT TWO
### (AS TO C&A INVESTMENT LLC)
### (Preliminary Injunction)

34. In response to Paragraph 34 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-33.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required; to the extent that a response is required, Defendant denies those conclusions. Defendant denies all remaining allegations in Paragraph 36.

37. Paragraph 37 of the Complaint contains prayers for relief to which no response is required; to the extent that a response is required, Defendant denies that Plaintiffs are entitled to any relief. Defendant denies all remaining allegations in Paragraph 37.

## COUNT THREE
### (AS TO C&A INVESTMENT)
### (Unjust Enrichment)

38. In response to Paragraph 38 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-37.

39. Defendant admits the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required; to the extent that a response is required, Defendant denies those conclusions. Defendant denies all remaining allegations in Paragraph 40.

8.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required; to the extent that a response is required, Defendant denies those conclusions. Defendant denies all remaining allegations in Paragraph 41.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required; to the extent that a response is required, Defendant denies those conclusions. Defendant denies all remaining allegations in Paragraph 42.

43. Paragraph 43 of the Complaint contains prayers for relief to which no response is required; to the extent that a response is required, Defendant denies that Plaintiffs are entitled to any relief. Defendant denies all remaining allegations in Paragraph 43.

44. Paragraph 44 of the Complaint contains prayers for relief to which no response is required; to the extent that a response is required, Defendant denies that Plaintiffs are entitled to any relief. Defendant denies all remaining allegations in Paragraph 44.

## **PRAYER:**

45. The remainder of the Complaint following Paragraph 44 contains Plaintiffs' prayer for relief to which no response is required; to the extent that a response is required, Defendant denies that Plaintiffs are entitled to any relief.

46. Defendant denies any and all allegations and characterizations in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Defendant hereby asserts the following additional defenses to Plaintiffs' Complaint. By asserting the defenses set forth below, however, Defendant does not acknowledge or concede that it has the burden of proof or persuasion with respect to any of these matters or defenses, or that Plaintiffs are relieved of their burden to prove each and every element of their claims and the damages they seek to recover.

1. The Complaint and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action against Defendant, and fails to state a claim and/or justiciable controversy upon which relief may be granted.

2. Plaintiffs lack standing to bring this Complaint.

3. Plaintiffs' claims are barred based on the doctrine of unclean hands, willful misconduct, and bad faith.

4. Plaintiffs' claims are barred based on the doctrine of estoppel.

5. Plaintiffs are barred from maintaining this action against Defendant because the issues raised in the Complaint are moot.

6. Plaintiff's claims are barred by res judicata, collateral estoppel, or other rules of preclusion barring re-litigation of matters (claims and issues), as decided by a court of competent jurisdiction.

7.    Plaintiffs' Complaint fails to state a claim against Defendant in that the Complaint fails to allege that Plaintiffs have complied with all of the terms and conditions of the lease and other documents, contracts, and agreements upon which the action is based.

8.    Defendant has complied with all material terms and conditions of the relevant agreements and documents referenced in the Complaint.

9.    Defendant has acted in good faith and dealt fairly in all matters related to the agreements referenced in the Complaint.

10.    Plaintiffs are barred, in whole or in part, from maintaining this action due to their failure to provide Defendant with timely notice of any alleged breach and a reasonable opportunity to cure any alleged breach.

11.    Plaintiffs are barred, in whole or in part, from maintaining this action due to their failure to perform conditions precedent.

12.    Plaintiffs' claims are barred in whole or in part, based on the doctrine of impossibility or impracticability.

13.    Defendant's alleged breach of contract with Plaintiffs is excused by the doctrine of frustration of the purpose.

14.    Plaintiffs are barred from bringing this action because there is no diversity of citizenship and/or the actual amount in controversy is below the statutory requirement.

15. Plaintiffs have failed to mitigate harm or damages, if any, and any recovery should be barred or reduced accordingly.

16. Plaintiffs' claims are barred in whole or in part, based on the doctrine of relinquishment of rights, release, waiver, equitable justification, accord and satisfaction, setoff, offset, recoupment, consent, or any or all of those.

17. Plaintiffs' claims are barred, in whole or in part, to the extent they violate the rule against double recovery.

18. Defendant intends to rely on the defense of knowledge and/or acquiescence.

19. Plaintiffs have not properly stated and cannot maintain a cause of action for injunctive relief, as alleged in the Complaint or otherwise.

20. Any alleged failure to perform under the agreements referenced in the Complaint was due to circumstances beyond Defendant's control, including, but not limited to, acts of God, natural disasters, and force majeure events.

21. Plaintiffs' claims are barred by any applicable statute of limitations or the doctrine of laches.

22. The Plaintiffs' claims are the result of the actions of other parties over whom Defendant has and had no control and for which Defendant bears no responsibility or liability.

23. Plaintiffs' claims are barred by their failure to name indispensable parties, including, without limitation, the party or parties responsible for the Maui wildfires that occurred on or about August 8, 2023.

24. Defendant asserts and incorporates by reference each and every defense asserted by all other defendants in this action.

25. Defendant intends to rely upon any matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and intends to seek leave to amend its Answer to allege any such matters Defendant may discover through further investigation, discovery, or trial.

## **RESERVATION OF RIGHTS**

Defendant hereby reserves the right to amend this Answer to include such additional defenses as may be appropriate.

WHEREFORE, Defendant prays as follows:

A. That the Complaint filed herein be dismissed with prejudice as against Defendant and that Plaintiff take nothing thereunder;

B. That the Court enter judgment in favor of Defendant and against Plaintiffs;

C. That Defendant be awarded all of its costs and reasonable attorneys' fees; and

D.   That Defendant have such other and further relief that this Court deems just and proper.

DATED: Honolulu, Hawaiʻi, June 27, 2025.

>   /s/ *Derek B. Simon*
>   WILLIAM M. HARSTAD
>   DEREK B. SIMON
>   MATTHEW T. SHIMABUKURO
>
>   Attorney for Defendant
>   C & A INVESTMENT LLC