KOBAYASHI SUGITA & GODA, LLP
Craig K. Shikuma (004018-0)
Caycie K. Gusman Wong (10056-0)
First Hawaiian Center
999 Bishop Street, Suite 2600
Honolulu, Hawaii 96813
Telephone: (808) 535-5700
Facsimile: (808) 535-5799
cks@ksglaw.com; ckg@ksglaw.com

Attorneys for Defendant
REAL ESTATE DELIVERY 2, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C",<br><br>Plaintiffs,<br><br>vs.<br><br>GERALD KWOCKHEN WONG, individually; CLYDE TAKASHI KANESHIRO, individually; ROBIN JOY ISHIBASHI, individually; C & A INVESTMENT LLC, a Hawaii limited liability company, and REAL ESTATE DELIVERY 2, INC., a Hawaii corporation,<br><br>Defendants. | Civil No. 1:25-cv-00207 MWJS-RT<br><br>DEFENDANT REAL ESTATE DELIVERY 2, INC.'s ANSWER TO PLAINTIFFS' COMPLAINT FILED ON MAY 20, 2025; CROSS-CLAIM AGAINST DEFENDANT C & A INVESTMENT LLC.; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br>Rule 16 Scheduling Conference<br>Date: July 21, 2025<br>Time: 9:00 a.m.<br>Judge: Hon. Mag. Judge Rom Trader<br><br>Trial Date: None Set<br>Judge: Hon. Micah W.J. Smith |

**DEFENDANT REAL ESTATE DELIVERY 2, INC.'S ANSWER TO
PLAINTIFFS' COMPLAINT FILED ON MAY 20, 2025**

Defendant Real Estate Delivery 2, Inc. ("**RED 2**"), by and through its undersigned attorneys, submits its answer to Plaintiffs Charles D. Stark and Todd J. Stark, Co-Trustees of the Harold W. Conroy Trust "C" ("**Plaintiffs**")'s Complaint, filed herein on May 20, 2025 as follows:

1. RED 2 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 25, 26, 28, 29, 30 and 31 of the Complaint and therefore denies the same and any implications arising therefrom to the extent the allege or imply any liability against RED 2, and leaves Plaintiffs to their proof.

2. In response to paragraph 2, RED 2 admits the allegations in the first sentence. RED 2 admits the allegations in the second sentence to the extent it applies to RED 2. RED 2 is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 2, and leaves Plaintiffs to their proof.

3. RED 2 admits the allegations in paragraph 9.

4. In response to paragraph 22, RED 2 admits the allegations in the first, second, and fourth sentences. In response to the third sentence, RED 2 asserts that the Commissioner's Quitclaim Assignment of Lease dated August 12, 2020 speaks for itself, and RED 2 denies any allegation inconsistent with or contrary to

the terms and provisions of that document or the intent of the parties to that document.

5. In response to paragraphs 23 and 24, RED 2 asserts that the documents referenced therein speak for themselves, and RED 2 denies any allegation inconsistent with or contrary to the terms and provisions of those documents or the intent of the parties to those documents.

6. RED 2 denies the allegations in paragraphs 32 and 33 to the extent they allege or imply any liability against RED 2. RED 2 is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraphs 32 and 33, and therefore denies the same and any implications arising therefrom to the extent the allege or imply any liability against RED 2, and leaves Plaintiffs to their proof.

7. The allegations in paragraphs 35, 36, 37, 39, 40, 41, 42, 43, and 44 are not asserted against RED 2 and, therefore, no response is required. To the extent a response is required RED 2 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in those paragraphs and therefore denies the same and any implications arising therefrom to the extent the allege or imply any liability against RED 2, and leaves Plaintiffs to their proof.

2048224_2

8. In response to paragraphs 27, 34 and 38, RED 2 realleges the responses in paragraphs 1 through 7 above.

9. RED 2 denies each and every allegation in the Complaint not otherwise responded to above.

**AFFIRMATIVE DEFENSES**

10. The Complaint fails to state a claim against RED 2 upon which relief can be granted.

11. Plaintiffs are barred from maintaining this action against RED 2 based upon the applicable statute of limitations.

12. Plaintiffs are barred from maintaining this action against RED 2 based on laches.

13. Plaintiffs are barred from maintaining this action against RED 2 based on the doctrine of acquiescence and/or consent.

14. Plaintiffs are legally and/or equitably estopped from maintaining this action and/or obtaining the relief they seek against RED 2.

15. Plaintiffs are barred from maintaining this action against RED 2 based on release and/or waiver.

16. Plaintiffs' recovery in this action, if any, should be reduced in accordance with the doctrine of avoidable consequences.

17. Plaintiffs' Complaint fails to state a claim against RED 2 in that it fails to allege that Plaintiffs have complied with all of the terms and conditions of the contract upon which the action is based.

18. RED 2's breach of contract, if any, is excused by Plaintiffs' breach of contract.

19. RED 2's breach of contract, if any, is excused by impossibility of performance.

20. Plaintiffs are barred from maintaining this action against RED 2 because a condition precedent to RED 2's duty of immediate performance failed to occur, including, but not limited to, that Plaintiffs failed to give RED 2 timely and adequate notice of Defendant C & A Investment LLC's alleged breach of contract by failing to "maintain adequate replacement costs of the Building insurance coverage in the event of a total casualty loss pursuant to the terms of the Original Ground Lease, as amended", "undertake steps to initiate rebuilding and replacing the Building according to its original plans and specifications pursuant to the terms of the Original Ground Lease, as amended", and "pay past rent due, including State of Hawaii General Excise Tax, pursuant to the terms of the Original Ground Lease, as amended." Complaint at paras. 28, 30, and 31.

21. Two or more of Plaintiffs' claims are cumulative and, if successful, would result in double recovery.

2048224_2

22. Plaintiffs are barred from maintaining this action against RED 2 because the occurrence of a condition subsequent to RED 2's duty of immediate performance terminated Plaintiffs' right to immediate performance.

23. Plaintiffs are barred from maintaining this action against RED 2 by reason of their own negligence or other wrongful conduct regarding procurement of sufficient fire/property casualty insurance coverage, and other wrongful conduct which resulted in Plaintiffs' alleged damages.

24. Plaintiffs have failed to join parties indispensable under Rule 19 of the Federal Rules of Civil Procedure.

25. Plaintiffs are barred from maintaining this action against RED 2 due to a lack of privity of contract, and because Plaintiffs are not third-party beneficiaries of the contracts to which RED 2 was a party.

26. Plaintiffs failed to mitigate their damages, if any.

27. RED 2 intends to rely upon any other defenses, including but not limited to affirmative defenses set forth in Rules 8(c), 9, 12(b) and 12(h) of the Federal Rules of Civil Procedure, or as provided by law or statute, which may apply and which are not alleged in this Answer. RED 2 intends to seek leave to amend this Answer to allege such defenses as it becomes aware of during the course of discovery or trial of this matter.

**WHEREFORE**, RED 2 prays for relief as follows:

A. That the Complaint as against RED 2 be dismissed with prejudice;

B. That RED 2 be awarded all of its costs and reasonable attorneys' fees incurred herein; and

C. That RED 2 be awarded such further and other relief as this Court deems just and equitable.

DATED: Honolulu, Hawai'i, <u>June 30, 2025</u>.

<u>/s/ Craig K. Shikuma</u>
KOBAYASHI SUGITA & GODA, LLP
CRAIG K. SHIKUMA
CAYCIE K. GUSMAN WONG
Attorneys for Defendant
REAL ESTATE DELIVERY 2, INC.

---

*Charles D. Stark, et al. vs. Gerald Kwockhen Wong*; et al.; Civil No. 1:25-cv-00207 MWJS-RT; Answer to Complaint Filed on May 20, 2025; Cross-Claim Against Defendant C & A Investment LLC.