# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CHARLES D. STARK AND TODD J. STARK, CO-TRUSTEES OF THE HAROLD W. CONROY TRUST "C", <br><br> Plaintiffs, <br><br> vs. <br><br> GERALD KWOCKHEN WONG, individually; CLYDE TAKASHI KANESHIRO, individually; ROBIN JOY ISHIBASHI, individually; C & A INVESTMENT LLC, a Hawaii limited liability company, and REAL ESTATE DELIVERY 2, INC., a Hawaii corporation, <br><br> Defendants. | Civil No. 1:25-cv-00207 MWJS-RT <br><br> DEFENDANT REAL ESTATE DELIVERY 2, INC.'s CROSS-CLAIM AGAINST DEFENDANT C & A INVESTMENT LLC. |
| REAL ESTATE DELIVERY 2, INC., a Hawaii corporation, <br><br> Cross-Claim Plaintiff, <br><br> vs. <br><br> C & A INVESTMENT LLC, a Hawaii limited liability company, <br><br> Cross-Claim Defendant. | |

**DEFENDANT REAL ESTATE DELIVERY 2, INC.'s CROSS-CLAIM AGAINST DEFENDANT C & A INVESTMENT LLC.**

Defendant Real Estate Delivery 2, Inc. ("**RED 2**"), by and through its undersigned counsel, for its Cross-Claim against Defendant C & A Investment LLC, alleges and avers as follows:

1. At all times relevant to the allegations set forth herein, RED 2 is and was a Hawaii corporation, with its principal place of business in the City and County of Honolulu, State of Hawai´i.

2. Upon information and belief, at all times relevant to the allegations set forth herein, Defendant C & A Investment LLC ("**C&A**") is and was a domestic limited liability company, organized under the laws of the State of Hawaii.

3. On May 20, 2025, Plaintiffs Charles D. Stark and Todd J. Stark, Co-Trustees of the Harold W. Conroy Trust "C" ("**Plaintiffs**") filed their Complaint herein against Wong, Kaneshiro, Ishibashi, C&A and Red 2.

4. Upon information and belief, C&A is and/or was the lessee under the ground lease dated February 25, 1974 (the "**Lease**"), as more particularly described in the Complaint.

Count I Contribution and Indemnity and Other Relief

5. RED 2 denies that Plaintiffs suffered the damages alleged or are otherwise entitled to the relief sought in the Complaint. However, if Plaintiffs suffered any compensable damages as alleged in the Complaint, such damages were

caused by the negligence, breach of contract, breach of warranty, wrongdoing, and/or fault of C&A, and RED 2 was in no way at fault.

6. RED 2 denies that it committed any acts or omissions, breach of contract, negligence or other wrongful conduct contributing to or independently causing the harm complained of by Plaintiffs. Should the trier of fact find otherwise, however, Red 2 is entitled to reimbursement from C&A by way of contribution, reimbursements, indemnity, subrogation, breach of contract, breach of warranty or otherwise, in the amount of any judgment that may be rendered herein in favor of Plaintiffs and against RED 2, plus interest, costs, and attorneys' fees.

7. If Plaintiffs are entitled to any recovery, which RED 2 denies, Plaintiffs' right of recovery is C&A, and not against RED 2.

8. If it is determined that RED 2 committed some act or omission that was the legal cause of the harm complained of by Plaintiffs, the conduct of RED 2 was merely passive and secondary, whereas the negligence, breach of contract, breach of warranty, wrongdoing, and/or fault of C&A was primary and active and, accordingly, RED 2 is entitled to indemnification, contribution, and/or reimbursement from C & A on this basis as well.

Count II-Breach of Contract and Indemnity

9. RED 2 re-alleges and incorporates herein all of the allegations in paragraphs 1 through 8 above, as thoughtfully set forth herein.

3

10. On or about September 27, 2011, Red 2, as Assignor, and C&A, as Assignee, entered into that certain Assignment of Ground Lease and Lessor's Interest in Tenant Lease (the "Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit "A", and made a part hereof by this reference.

11. Under the Assignment, RED 2 sold, assigned, transferred and set over to C&A all of RED 2's interest in the Ground Lease, which is the subject of Plaintiffs' Complaint herein, including all Tenant Leases, all as more particularly described in the Assignment.

12. Under the Assignment, C&A covenanted and agreed to pay all rents owed under the Ground Lease when due, and to also "faithfully observe and perform all of the covenants and conditions contained in said Ground Lease … which are or ought to be performed by the Assignee as the successor lessee under the Ground Lease ..., and will at all times indemnify and save harmless the Assignor from and against the nonpayment of said rents under the Ground Lease, and the nonobservance or nonperformance of said covenants and conditions and each of them." Assignment at pp. 2-3.

13. RED 2 fully performed all of its obligations under the Assignment.

14. In the Complaint herein, Plaintiffs allege that C&A breached its obligations under the Ground Lease by failing to maintain adequate insurance coverage for a total casualty loss of the improvements on the leased property, failing to initiate rebuilding and replacing the improvements, and failing to pay rent when due.

15. Assuming Plaintiffs' allegations are true, C&A breached its agreement with RED 2 to pay all rents when due under the Ground Lease and to perform all of the covenants and conditions of the Ground Lease, as more particularly described in the Assignment.

16. Plaintiffs' breach of the Assignment proximately caused RED 2 to suffer damages in an amount to be proven at trial.

17. C&A must indemnify and save RED 2 harmless from any all claims, cross-claims, damages, costs and expenses, including attorneys' fees and costs, RED 2 suffers arising or relating in any way from C&A's breach of its obligations under the Ground Lease, including but not limited to, as alleged in Plaintiffs' Complaint.

**WHEREFORE**, RED 2 prays for relief as follows:

A. That the Complaint be dismissed with prejudice;

B. That if Plaintiffs are found entitled to judgment, such judgment be entered only against C&A, and not against RED 2;

C. That if judgment is entered in favor of Plaintiff against RED 2, that RED 2 have judgment against C&A in the amount of any judgment against RED 2, plus interest, costs, and attorneys' fees;

D. That RED 2 have judgment against C&A for breach of the Assignment and for indemnity under the Assignment in amounts to be proven at trial;

E. That RED 2 be awarded all of its costs and reasonable attorneys' fees incurred herein; and

F. That RED 2 be awarded such further relief as this Court deems just and equitable.

DATED: Honolulu, Hawai'i, <u>June 30, 2025</u>.

<i>/s/ Craig K. Shikuma</i><br>
KOBAYASHI SUGITA & GODA, LLP<br>
CRAIG K. SHIKUMA<br>
CAYCIE K. GUSMAN WONG<br>
Attorneys for Defendant/Cross-Claim Plaintiff<br>
REAL ESTATE DELIVERY 2, INC.

6
2048224_2